**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Donna Marie Biscoe, | ) | No. CV-11-943-PHX-ROS (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| R. H. Garcia, et al., | ) | |
| Defendant. | ) | |

This matter arises on the filing of Plaintiff's Second Amended Complaint. (Doc. 40) Defendants have filed a Response to Plaintiff's Motion, asking the Court to deny Plaintiff's request to amend her complaint because it is not in compliance with LRCiv 15.1. (Doc. 42)

Plaintiff commenced this action on May 11, 2011, doc.1, and the Court screened her 42 U.S.C. § 1983 Complaint pursuant to 28 U.S.C. § 1915(A)(a) on December 14, 2011, doc. 19. The Court allowed Plaintiff's Count I alleging an Eighth Amendment violation to move forward, dismissed Count II as duplicative, and ordered that Defendants Robles, Butticci and Garcia answer the Complaint as to Count I. The Court dismissed the fictitiously-named Defendant Doe, but stated that Plaintiff could seek to amend the Complaint, in compliance with Rule 15, Federal Rules of Civil Procedure, if she later learned Defendant Doe's identity.

Because Plaintiff has previously amended her Complaint, she needs leave to further amend her Complaint. Fed.R.Civ.P. 15. Rule 15(a) of the Federal Rules provides that leave

1   to amend should be freely given "when justice so requires." This, however, does not relieve

2   Plaintiff from her responsibility to additionally comply with the Local Rules.

3         Plaintiff filed her First Amended Complaint on May 21, 2012. (Doc. 36) The Court

4   denied Request for Leave to Amend on June 5, 2012, because it did not comply with LRCiv

5   15.1(a).  (Doc. 38) On June 29, 2012, Plaintiff filed her Second Motion for Leave from

6   Court to Amend Her Original Complaint. (Doc. 40) This Second Motion for Leave to

7   Amend is what is currently pending before the Court.  Defendants filed a response on July

8   16, 2012, asking the Court to deny Plaintiff Leave to Amend on the ground that the proposed

9   amendment did not comply with LRCiv 15.1.

10        The Court finds that Plaintiff's Second Motion for Leave to Amend is in substantial

11  compliance with LRCiv 15.1.  Additionally, the Ninth Circuit has instructed that courts must

12  "continue to construe *pro se* filings liberally."  <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir.

13  2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

14  than formal pleadings drafted by lawyers.'" *Id. (quoting* <u>Erickson v. Pardus</u>, 551 U.S. 89,

15  94 (2007) (*per curiam*)).

16        Consistent with LRCiv 15.1, Plaintiff's Amended Complaint indicates how it differs

17  from the pleading it is amending by delineating in the text what is to be deleted and by

18  underlining what is to be added.  The Court will direct the Plaintiff to file a "clean" copy of

19  the Second Amended Complaint with the Clerk of Court.  It shall be identical to the version

20  submitted in doc. 40, without any underlining, brackets or lines through stricken language.

21  It shall stand alone as its own document.

22        Accordingly,

23        **IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint, doc. 40,

24  is **GRANTED**.

25        **IT IS FURTHER ORDERED** that Plaintiff shall file a "clean" Second Amended

26  Complaint that mirrors identically what she filed in doc.40 without any underlining, brackets

27  or lines through stricken language within fourteen (14) days from the date of this Order.  No

28  additional information may be added.  Once the Court has received the Second Amended

1    Complaint, the Court shall screen the Complaint pursuant to 28 U.S.C. § 1915A(a).

2         Dated this 23rd day of July 2012.

3

4

5                                    Lawrence O. Anderson
                                     United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28