**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Donna Marie Biscoe, | ) | No. CV-11-943-PHX-ROS (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| R.N. Garcia, et al., | ) | |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff's Motion for an Order Compelling Discovery, filed on July 29, 2012. (Doc. 41) Defendants filed their Response to Plaintiff's Motion on July 16, 2012, asking that the Court deny Plaintiff's Motion. (Doc. 43)

**I. Background**

Plaintiff commenced this action on May 11, 2011, (Doc. 1) The Court screened her 42 U.S.C. § 1983 Complaint pursuant to 28 U.S.C. § 1915(A)(a) on December 14, 2011. (Doc. 19) The Court allowed Plaintiff's Count I claim against Defendants Robles, Butticci and Garcia, alleging an Eighth Amendment violation for deliberate indifference to her serious medical needs, to move forward and ordered the Defendants to answer the Complaint as to Count I. The Court dismissed Count II as duplicative. The Court also dismissed the fictitiously-named Defendant Doe, but stated that Plaintiff could seek leave to amend the Complaint, in compliance with Rule 15, Federal Rules of Civil Procedure, if she later learned Defendant Doe's identity. The Court, by separate order, has now granted Plaintiff leave to

1 amend to file a Second Amended Complaint. (Doc. 44)

**II. Discovery in Prisoner Cases**

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues in the case, it is not limited to the precise issues raised in the pleadings. *Sanders* at 350–51. "The question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Panuci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). The court may limit discovery if it determines the discovery sought is unreasonably cumulative, obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2).

Discovery in prisoner cases raises unique challenges. For example, "where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur." *Fields v. Banuelos*, 2012 WL 2888734, at *1 (E.D. Cal. July 13, 2012) (citing, among others, *Robinson v. Adams*, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); *Orr v. Hernandez*, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); *Womack v. Virga*, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec.21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order)).

The district court is vested with broad discretion to manage discovery and discovery disputes. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. The moving party is required to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *See Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, 2010 WL 3835765, at *2 (E.D. Cal. September 29, 2010); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. March 27, 2008).

**III. Discussion**

Plaintiff states that she had telephonic contact with Ms. Watanabe in the Attorney General's Office in an attempt to resolve their discovery disputes. At the outset, the Court finds that because it has not screened the yet-to-be filed Second Amended Complaint, as required by 28 U.S.C. § 1915(A)(a), the Court will deny without prejudice Plaintiff's Motion to Compel with respect to discovery on issues related to other Defendants who have not yet been served or on claims that are not currently before the Court. The Court will set out each discovery dispute separately below.

Defendant Butticci

1. In her Request for Production of Documents #1, Plaintiff requested "[a] copy of all complaints, ADOC [Arizona Department of Corrections] inmate letters, written reprimands, grievances, internal investigations that's [sic] been filed on you by the ADOC officials and/or by Inmates." Defendant responded that, among other things, the request was "overbroad, vague and ambiguous, unduly burdensome, and sought confidential and sensitive information." (Doc. 43 at 2) Defendant asserts that inmates are not allowed to possess personal and confidential information in the officers' personnel files for security reasons. Defendant further noted that the request is not limited in scope, time frame or subject and the discovery sought is not relevant to the case at hand. Plaintiff states that this

1 information is relevant to verify if Defendant has a history regarding inmate complaints, etc., 2 and/or whether internal investigations have been filed by ADOC against Defendant 3 regarding medical issues.

4 The Court agrees that the request is overbroad. It is not limited in time, scope or 5 subject. Additionally, the Court finds that the information sought may lead to the production 6 of confidential or privileged information. Plaintiff may elect to narrow the discovery request 7 to information that is related to her specific case and does not to contain confidential or 8 privileged information with respect to other ADOC employees or inmates.  The Court will 9 deny Plaintiff's request as to this production.

10 2. In her Request for Production of Documents #6, Plaintiff requested Defendant to 11 "produce the ADOC's Brent Lumley's 28 Yard video cameras ASAP for plaintiff to view 12 the video cameras recordings starting from the time frames of January 21, 2011, to January 13 24, 2011, and to provide the full names of all ADOC's officials found in the video 14 recordings." Defendant first responded that this discovery request "was not reasonably 15 calculated to lead to admissible evidence at trial that would have any bearing on the issue 16 currently before the court, was overbroad, and sought confidential and sensitive 17 information." (Doc. 43 at 3) Defendant supplemented his response on June 5, 2012, to 18 indicate that ADOC was not able to locate any videos for this time frame and that such 19 videos, unless circumstances exist that would require saving, are recorded over on a regular 20 basis.

21 Although Plaintiff appropriately limited the scope of her request in this situation, 22 Defendant has responded in a supplemental response that he has attempted to locate the 23 video recordings, but states that the alleged evidence is no longer in existence. He alleges 24 that the tapes are recorded over on a routine basis absent a compelling reason to keep the 25 tapes. If there is no evidence to produce, Defendant clearly cannot produce it and therefore, 26 the Court will deny Plaintiff's request.

27 3. In her Request for Production of Documents #9, Plaintiff requested Defendant to 28 produce "[a] copy of ADOC's Arizona State Prison Complex Perryville Inmate by Housing

- 4 -

1 Count Sheet for facility Brent Lumley 28 Yard C-Pod for the month of January, 2011."
2 Defendant responded that the request "was not reasonably calculated to lead to admissible
3 evidence at trial that would have any bearing on the issue currently before the court,
4 overbroad, and sought confidential and sensitive information." (Doc. 43 at 4) Defendant
5 notes that Plaintiff seeks information for the entire month of January, when the alleged
6 conduct only covered four days, and further, that there are prison security concerns with
7 inmates possessing such information on other inmates.

8 As with Plaintiff's request for production #1, the Court finds that the request is overly
9 broad. It is not limited in time, scope or subject. Additionally, the Court finds that the
10 information sought may lead to the production of confidential, sensitive information or raise
11 other prison security concerns. Plaintiff may narrow the request to information that is related
12 to her specific case, in both time and relevance, and does not contain confidential or
13 privileged information with respect to other ADOC employees or inmates. The Court will
14 deny this request for production.

15                              Defendant Garcia

16 1. In her Request for Production of Documents #8, Plaintiff requests "[a] copy of all
17 documents that refer, relates, pertains to the ADOC's Dental Medical Protocol Procedures,
18 Medical Emergency - nonemergency Dental Care, Dental X-rays procedures, policies, rules,
19 and regulations that pertains to Dental Care for pregnant Inmates." Defendant responds in
20 part that none of the current Defendants were responsible for Plaintiff's dental care and/or
21 X-rays, and, therefore, the request is inapplicable to Defendant Garcia and the other
22 Defendants. (Doc. 43 at 4-5)

23 The Court agrees with Defendant. As mentioned above, until the Court screens
24 Plaintiff's Second Amended Complaint and other Defendants allegedly associated with
25 Plaintiff's dental care are joined in this lawsuit, the Court will deny without prejudice
26 Plaintiff's request for discovery related to her dental care issues.

27 2. In her Request for Production of Documents #9, Plaintiff requests "[a] copy of any
28 and all complaints, reprimands, grievances, Investigations, Internal Investigations, and

1  findings filed against the Defendant, the R.N., Mrs. Garcia. Thus including Inmate Letters
2  filed." Defendant responds that the request "was not reasonably calculated to lead to
3  admissible evidence at trial that would have any bearing on the issue currently before the
4  court, overbroad, vague and ambiguous, unduly burdensome, and sought confidential and
5  sensitive information." (Doc. 43 at 5) Defendant asserts that the request is not limited in
6  time, scope or subject and raises prison security concerns.

7  The Court finds that the request is overly broad, and is not limited in time, scope or
8  subject. Additionally, the Court finds that the information sought may lead to the production
9  of confidential or privileged information. Plaintiff may narrow the request to information
10 that is relevant to her specific case and does not contain confidential or sensitive information
11 with respect to other ADOC employees or inmates.  The Court will deny Plaintiff's request
12 as to this production.

13 3. In her Request for Production of Documents #10, Plaintiff requests "[a] copy of
14 any and all Complaints, reports, written reprimands, grievances, Investigations and Internal
15 Investigations filed against the ADOC's Medical facility within the Arizona State Prison,
16 including Brent Lumley Yard Medical Facility and Medical Staff." Defendant responds that
17 the request is "not reasonably calculated to lead to admissible evidence at trial that would
18 have any bearing on the issue currently before the court, overbroad, vague and ambiguous,
19 unduly burdensome, and sought confidential and sensitive information." (Doc. 43 at 6)
20 Defendant further reiterates the objections raised in Request #9, immediately above.

21 The Court finds that the request is overly broad, and is not limited in time, scope or
22 subject. Additionally, the Court finds that the information sought may lead to the production
23 of confidential or privileged information. Plaintiff may narrow the request to information
24 that is relevant to her specific case and does not contain confidential or sensitive information
25 with respect to other ADOC employees or inmates.  The Court will deny Plaintiff's request
26 as to this production.

27 4. In her Request for Production of Documents #12, Plaintiff requests "[a] copy of
28 all Complaints, grievance, written reprimands, Inmate Letters, Informants, filed against the

1  Dental Staff(s) member(s) that provided Dental Care treatment to the plaintiff on January
2  21, 2011." Defendant responded that the request is "not reasonably calculated to lead to
3  admissible evidence at trial that would have any bearing on the issue currently before the
4  court, overbroad, vague and ambiguous, unduly burdensome, and sought confidential and
5  sensitive information." (Doc. 43 at 6) Defendant further reiterates the objections raised in
6  Request #9, raised above with respect to dental staff.

7  The Court agrees with Defendant. As mentioned above, until the Court screens
8  Plaintiff's Second Amended Complaint and other Defendants allegedly associated with
9  Plaintiff's dental care are joined in this lawsuit, the Court will deny without prejudice
10 Plaintiff's request for discovery related to her dental care issues.

11 5. In her Request for Production of Documents #14, Plaintiff requests "[a] copy of
12 the plaintiff's ADOC's Evaluation Inmate/Religious-Diet (Non-Compliance) starting from
13 January 20, 2011, until May 12, 2011, including any and all documents that refers, relates
14 or pertains to the plaintiff's ADOC's pregnancy diet she was placed on starting January 20,
15 2011, until May 13, 2011." Defendant objected to the request on the grounds that this
16 requests is "not reasonably calculated to lead to admissible evidence at trial that would have
17 any bearing on the issue currently before the court." (Doc. 43 at 7) Defendant further
18 responds that there is no dispute that Plaintiff was pregnant and Plaintiff's pregnancy diet
19 has no bearing on Defendant's alleged conduct in this matter.

20 The Court finds that the evidence Plaintiff seeks to discover is not reasonably
21 calculated to lead to the discovery of admissible evidence that would have any bearing on
22 a claim or defense currently before the Court. Additionally, the Court finds that the request
23 exceeds the time frame and scope of the issue Plaintiff alleges. Plaintiff's request seeks
24 information into May, 2011, long after her miscarriage occurred. The Court will deny
25 Plaintiff's request on this issue.

26                                    Defendant Robles

27 1. In her Request for Production of Documents #1, Plaintiff requested "[a] copy of
28 all complaints, Inmate Letters, written reprimands, grievances, Internal Investigations and

1  findings that has been filed on you by the Arizona Department of Corrections ('ADOC's')
2  Officials and/or by Inmates." Defendant responded that this request "was not reasonably
3  calculated to lead to admissible evidence at trial that would have any bearing on the issue
4  currently before the court, overbroad, vague and ambiguous, unduly burdensome, and sought
5  confidential and sensitive information." (Doc. 43 at 7) Defendant contends that the request
6  is not limited in time, scope or subject and that the type of information sought is confidential
7  in nature and raises prison security concerns. (Doc. 43 at 7-8)

8        The Court finds that the request is overly broad and is not limited in time, scope or
9  subject. Additionally, the Court finds that the information sought may lead to the production
10 of confidential or sensitive information regarding prison security. Plaintiff may narrow the
11 request to information that is related to her specific case and does not contain confidential
12 or sensitive information with respect to other ADOC employees or inmates. The Court will
13 deny Plaintiff's request as to this production.

14       2. In her Request for Production of Documents #3, Plaintiff requests "[a] record or
15 worksheet schedule of all the ADOC Officials, males and females, that worked with you at
16 ADOC's Brent Lumley Unit on 28 Yard, morning shift from 6 a.m. till 2 p.m., during the
17 time frame of January 21, 2011, thru January 24, 2011, including their full name, full
18 description, and photos with their full names stipulated on their photos." Defendant
19 responded that this request is "not reasonably calculated to lead to admissible evidence at
20 trial that would have any bearing on the issue currently before the court, overbroad, vague
21 and ambiguous, unduly burdensome, and sought confidential and sensitive information."
22 (Doc. 43 at 8) Defendant further responds that a request for descriptions and photos of all
23 the prison officers creates a security risk to the officers.

24       The Court finds that the request is overly broad and is not limited in time, scope or
25 subject. Additionally, the Court finds that the information sought may lead to the production
26 of confidential or sensitive information regarding prison security. Moreover, Plaintiff's
27 request for photos raises serious security concerns with respect to the officers' safety.
28 Plaintiff may narrow the request to information that is related to her specific case and does

1 not contain confidential or sensitive information with respect to other ADOC employees or
2 inmates. The Court will deny Plaintiff's request as to this production.

3     3. In her Request for Production of Documents #6, Plaintiff requests "[a] record of
4 ADOC's Medical Protocol procedures." Defendant responded that the request is "not
5 reasonably calculated to lead to admissible evidence at trial that would have any bearing on
6 the issue currently before the court, was overbroad, vague and ambiguous as to scope and
7 subject, and obtainable from a less burdensome source." (Doc. 43 at 9) Defendant Robles
8 further responded that this information had already been produced to Plaintiff and that any
9 other information she requested was either not related to her claims or is available in the unit
10 library. (Doc. 43 at 9)

11     The Court finds that the request is overly broad and is not limited in time, scope or
12 subject matter. Plaintiff may narrow the request to information that is related to her specific
13 case and the issues before the Court. The Court will deny Plaintiff's request as to this
14 production.

15     4. In her Request for Production of Documents #8, Plaintiff requests "[i]nvestigations
16 and findings and written reprimands, grievances, informals, recommendations, complaints,
17 Inmate letters, Incident reports filed on ADOC's Arizona State Prison Medical facility
18 including the stipulated filed by the Correctional Associations [sic]." Defendant responded
19 that the request is "not reasonably calculated to lead to admissible evidence at trial that
20 would have any bearing on the issue currently before the court, overbroad, vague and
21 ambiguous, and seeks confidential and privileged information. (Doc. 43 at 9) Defendant
22 further objects that Plaintiff has not identified which organization she is referring to, nor
23 does she connect the current Defendants to any medical facility or staff decisions. (Doc. 43
24 at 9)

25     The Court finds that the request is overly broad and is not limited in time, scope or
26 subject. Additionally, the Court finds that the information sought may lead to the production
27 of confidential or sensitive information regarding prison security. Plaintiff may narrow the
28 request to information that is relevant to her specific case and does not contain confidential

1 or sensitive information with respect to other ADOC employees or inmates.  The Court will
2 deny Plaintiff's request as to this production.

3       5. In her Request for Production of Documents #9, Plaintiff requests "[a] record of
4 ADOC's Arizona State Prison rules, regulations, policies and procedures on R & A
5 receptionist area (Brent Lumley Unit 28 Yard in ADOC), including information that refers,
6 relates, or that pertains to housing, feedings etc. of pregnant Inmates." Defendant objected
7 that the request is "not reasonably calculated to lead to admissible evidence at trial that
8 would have any bearing on the issues currently before the court and was obtainable from a
9 less burdensome source." (Doc. 43 at 10)  Defendant further objects that it is not clear what
10 R & A Plaintiff is referring to and that if it involves feeding and recreation times, those times
11 are the same for pregnant and nonpregnant inmates and is unrelated to conduct of the
12 Defendants. (Doc. 43 at 10)

13       The Court finds that the request is overly broad and is not limited in time, scope or
14 subject. Plaintiff may narrow the request to information that is relevant to her specific case
15 and does not contain confidential or privileged information with respect to other ADOC
16 employees or inmates. The Court will deny Plaintiff's request as to this production.

17       6. In her Request for Production of Documents #10, Plaintiff requests "[a] copy of
18 plaintiff's ADOC's Master Record file." Defendant objected that the request is "not
19 reasonably calculated to lead to admissible evidence at trial that would have any bearing on
20 the issue currently before the court, overbroad, and unduly burdensome." (Doc. 43 at 10)
21 Defendant further objected that the master files are voluminous, and, among other things,
22 include confidential information, information related to the inmate's sentencing and
23 disciplinary reports and information not relevant to the case at hand. (Doc. 43 at 10)

24       The Court finds that the request is overly broad and is not limited in time, scope or
25 subject. Additionally, the Court finds that the information sought may lead to the production
26 of confidential, or sensitive information regarding prison security.  Plaintiff may narrow the
27 request to information that is relevant to her specific case and does not contain confidential
28 or confidential information with respect to other ADOC employees or inmates. The Court

1  will deny Plaintiff's request as to this production.

2  Accordingly,

3  **IT IS ORDERED** that Plaintiff's Motion for an Order Compelling Discovery, doc.
4  41, is **DENIED** in its entirety.

5  **IT IS FURTHER ORDERED** that any additional requests for production of
6  documents by Plaintiff must be in complete compliance with this Order as well as the Rule
7  of Practice for the United States District Court for the District Court of Arizona ("Local
8  Rule" or "LRCiv") 7.2(e) which provides:

> Unless otherwise permitted by the Court, a motion, including its supporting memorandum, . . . shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.

11  **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, must
12  hereinafter comply with the Rules of Practice for the United States District Court for the
13  District of Arizona. The District's Rules of Practice may be found on the District Court's
14  internet web page at www.azd.uscourts.gov/. All other rules may be found as
15  www.uscourts.gov/rules/.

16  Dated this 6th day of August, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 11 -