**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Marie Biscoe, | ) No. CV-11-00943-PHX-ROS (LOA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| R.N. Garcia, et al., | ) |
| Defendants. | ) |

**I. Background**

Plaintiff commenced this action on May 11, 2011, and the Court screened her 42 U.S.C. § 1983 *pro se* Prisoner Civil Rights Complaint pursuant to 28 U.S.C. § 1915(A)(a) on December 14, 2011.  (Doc. 19)  The Court granted Plaintiff's Application to Proceed *in forma pauperis*.  (*Id.*)  After screening the complaint, the Court allowed Plaintiff's Count I claim against Defendants Robles, Butticci and Garcia, alleging an Eighth Amendment violation for deliberate indifference to her serious medical needs, to move forward and ordered the Defendants to answer the Complaint as to Count I.  The Court dismissed Count II as duplicative.  The Court also dismissed the fictitiously-named Defendant Doe, but stated that Plaintiff could seek leave to amend the Complaint, in compliance with Rule 15, Federal Rules of Civil Procedure, if she later learned Defendant Doe's identity.  Plaintiff did so and the Court, by separate order, granted Plaintiff leave to amend to file a Second Amended Complaint. (Doc. 44)  Plaintiff's Second Amended Complaint was filed on August 3, 2012. (Doc. 45)

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 1951.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (*quoting* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III. Second Amended Complaint**

In her one-count Second Amended Complaint, Plaintiff alleges that her Eighth Amendment rights to proper medical care were violated when Defendants were deliberately indifferent to her serious medical needs.  Plaintiff sues the following Defendants at ASPC Perryville: Doralilia Garcia, Correctional Officer IIs Ronaldo Robles, Anthony Butticci, Mrs. W. Lunnie, and Mr. D. Ruiz, J. Davis, and Mrs. Bee.  In her Request for Relief, Plaintiff seeks monetary damages.

In her Complaint, Plaintiff alleges that when she arrived at the prison for intake processing, they did a urine analysis and determined that she was pregnant.  She believes that she was about two months pregnant.  She alleges they also took dental X-rays on her without protecting her stomach area.  She contends that shortly thereafter, she started to spot bleed.  She contends that Defendants were deliberately indifferent to her serious medical needs because she did not receive proper medical treatment for her bleeding, cramps and pain that resulted in a miscarriage.

Specifically, Plaintiff alleges that during the morning meal on January 21, 2011, she was in pain and she informed Defendant Lunnie of her situation.  Defendant Lunnie allegedly helped her walk and placed her in a place where she could eat, although Plaintiff contends that she was barely able to eat because of her pain.  After breakfast, Plaintiff alleges that Defendant Lunnie walked back to her cell and told Plaintiff that "medical" would see her in thirty minutes.  Plaintiff further alleges that medical never came to see her.  On January 22 and 23, 2011, Plaintiff claims that she informed Defendant Butticci  that she needed medical care because she was hurting, bleeding and was pregnant, but that  she did not receive any medical care.  On January 24, 2011, she was finally taken to the nurses' line, but she contends it was not for her miscarriage.  Instead, Plaintiff alleges that they asked her to put in a health needs request form for that specific issue.

Plaintiff further claims that Defendant Robles came to her cell that day to get her for lunch, but that he pressed her to hurry up despite her statements to him that she needed

1   medical help.  She contends that despite his knowledge about her medical condition,

2   Defendant Robles never called the medical department to seek help for her.  Instead, she

3   alleges she was sent back to her cell when she subsequently suffered a miscarriage.  At that

4   point, according to Plaintiff, Defendant Garcia walked her to the medical department, but

5   without the aid of a gurney or wheelchair, despite Plaintiff's pain.  Plaintiff alleges that

6   Defendant Garcia provided her with adult diapers to help with the bleeding.  She further

7   alleges that certain procedures were not taken after the miscarriage that would have

8   prevented her from getting an infection.  In sum, Plaintiff alleges that she was provided with

9   inadequate health care and that none of the Defendants notified the medical department of

10  her condition, thereby exercising deliberate indifference to her serious medical needs.

11  **IV. Claim for Which an Answer Will be Required**

12          Liberally construed, Plaintiff has stated an Eighth Amendment deliberate indifference

13  claim against Defendants Garcia, Robles, Butticci, and Lunnie.  The Court finds, however,

14  that there is insufficient allegations to state a claim against Defendants Ruiz, Davis and Bee.

15  With respect to Defendant Ruiz, the only allegation against him is that he received

16  information that Plaintiff was at medical for security safety and that "she [was] done.  She

17  don't have to see anyone else."  (Doc. 45 at 10)  This is insufficient to state a claim of

18  deliberate indifference against Defendant Ruiz.  With respect to Defendants Davis and Bee,

19  there were no allegations that either the dentist or the dental assistant were made aware that

20  Plaintiff was pregnant, but even if they were, Plaintiff has made insufficient allegations to

21  establish that Defendants were deliberately indifferent to her serious medical needs by taking

22  her dental X-rays.  At best, Plaintiff raises a negligence claim which is insufficient to rise to

23  the level of an Eighth Amendment deliberate indifference claim.  Moreover, after the X-rays

24  were allegedly taken, Plaintiff in the same paragraph switched immediately to having been

25  forced to fill out a portion of her intake process papers, which she believed was the nurse's

26  job. (Doc. 45 at 6)  Accordingly, Defendants Ruiz, Davis and Bee will be dismissed without

27  prejudice.

28

- 4 -

The Court will require Defendants Garcia, Robles, Butticci, and Lunnie to answer Count One.  The Court will dismiss Defendants Ruiz, Davis and Bee without prejudice and not direct that service be made on them.

**V. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of her release.  Also, within 30 days of her release, she must either (1) notify the Court that she intends to pay the balance or (2) show good cause, in writing, why she cannot.  Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that she files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Garcia, Robles, Butticci and Lunnie must answer Count One.

(2) The Clerk of Court must send Plaintiff a service packet including the

- 5 -

Second Amended Complaint (Doc. 45), this Order, and both summons and request for waiver forms for Defendants Garcia, Robles, Butticci and Lunnie.

(3) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(5) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(6) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(7) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(8) Defendants Garcia, Robles, Butticci and Lunnie must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(10) Defendants Ruiz, Davis and Bee will be dismissed without prejudice.

(11) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 13th day of November, 2012.

Roslyn O. Silver
Chief United States District Judge

- 7 -